IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST L. TERRY, HAZEL TERRY,
RICHARD KROL, HELEN KROL,
and WILLA HANCOCK,

    Plaintiffs,

v.                                         No. 15-cv-0498 GBW/SMV

UNION PACIFIC RAILROAD CO.;
SFPP, L.P.; KINDER MORGAN OPERATING L.P. "D";
and KINDER MORGAN G.P., INC.;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Class Action Complaint [Doc. 1] ("Complaint"), filed by Plaintiffs on June 12, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than **July 17, 2015,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On June 12, 2015, Plaintiffs filed their Complaint, asserting complete diversity between Plaintiffs and Defendants and asserting that the amount in controversy exceeds $75,000.

[Doc. 1] at 1–3.  In support of their claim of diversity of citizenship, Plaintiffs report that they are citizens of New Mexico and that Defendants are citizens of Delaware, Texas, California, and Nebraska.  *Id.* at 1–2.  Of relevance to this order, Plaintiffs allege that "Defendant SFPP, L.P. is a Delaware limited partnership with its principal place of business in California. . . . [It] is a subsidiary of Kinder Morgan Energy Partners L.P., which is a subsidiary of Kinder Morgan, Inc."  *Id.* at 3.  Plaintiffs further allege that "Defendant Kinder Morgan Operating L.P. 'D' is a Delaware limited partnership with its principal place of business in Texas.  [It] is also a subsidiary of Kinder Morgan, Inc."  *Id.*  However, Plaintiffs make no allegations about the citizenship of the members of either Defendant SFPP, L.P. or Defendant Kinder Morgan Operating L.P. "D."  *See id.*

## II.  LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint.  Fed. R. Civ. P. 8.  Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction.  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).  Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time.  *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## III. DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  § 1332(a).

Determining the citizenship of a limited partnership is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the state in

which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Partnerships and limited partnerships, however, are citizens of every state in which their members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff limited partnership).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of the limited partnership Defendants because they fail to allege the citizenship of their members. Plaintiffs may amend their Complaint to properly allege the citizenship of the members of Defendant SFPP, L.P. and Defendant Kinder Morgan Operating L.P. "D."

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **July 17, 2015**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **July 17, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**